IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE PLACIDO, | No. C 09-00668 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO LIFT STAY** |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; NORTEL NETWORKS LONG TERM DISABILITY PLAN, | |
| Defendants. | |

**INTRODUCTION**

In this action to recover benefits under the Employment Retirement Income Security Act of 1974, plaintiff Lorraine Placido moves to lift the stay imposed by the Court's order on April 3, 2009. For the following reasons, the motion is **GRANTED**.

**STATEMENT**

On January 14, 2009, Nortel Networks Inc. filed a petition for bankruptcy. On February 13, 2009, plaintiff filed an action against defendants The Prudential Insurance Company of America and Nortel Networks Long Term Disability Plan to recover benefits under ERISA. Defendants filed a suggestion of bankruptcy and applicability of automatic stay on March 19,

2009. Neither the Plan nor Prudential have filed for bankruptcy. On April 3, 2009, this Court issued an order to stay the case and vacate the previously scheduled deadlines and/or hearings. In the present motion, plaintiff requests that the stay be lifted.

**ANALYSIS**

Defendants contend that the automatic stay applies to the Plan and Prudential because a judgment against either party would be paid by debtor Nortel. In order to apply the automatic stay outlined in 11 U.S.C. 362 to a non-debtor party, the bankruptcy court must issue an extension of the stay under its jurisdiction. *Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009). In the case that "the liability of the non-debtor party *were* to affect the property of the bankruptcy estate, such as by requirement that the debtor indemnify the non-debtor" it may be necessary to extend the automatic stay to the non-debtor party. *Ibid*. In that circumstance, however:

> [T]he bankruptcy court would first need to extend the automatic stay under its equity jurisdiction. Such extensions, although referred to as extensions of the automatic stay, are in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate.

*Id*. at note 3 (citations and quotation marks omitted). The *Boucher* decision further supports this principle by citing to 28 U.S.C. 1334(b) which "establish[es] the bankruptcy court's jurisdiction over matters that are related to the bankruptcy." *Ibid* (quotation marks omitted). Although neither plaintiff nor defendants cited to the *Boucher* decision, it is controlling on this issue.

It is undisputed that both the Plan and Prudential have not filed for bankruptcy and are therefore "non-debtor" parties. In order to extend the automatic stay to defendants because of their alleged financial connection to the debtor, the extension would have to be issued by the bankruptcy court. Even if defendants' reasoning for applying the automatic stay were accepted, this Court does not have the jurisdiction to extend the stay to a non-debtor party. Since defendants fail to address this issue of jurisdiction, it is unnecessary for this order to address defendants' counter arguments.

2

**CONCLUSION**

The plaintiff's motion to lift stay is hereby **GRANTED**. A separate case management order will issue.

**IT IS SO ORDERED.**

Dated: January 21, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE